IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:24-cr-10 |
| ROBERT BOOKSHAR | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a twenty-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 - 4 | Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor<br>August 23, 2022 (Count 1)<br>September 1, 2022 (Count 2)<br>February 9, 2023 (Count 3)<br>May 12, 2023 (Count 4) | 18 U.S.C. §§ 2251(a) and (e) |

**FILED**

JAN 23 2024

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

| | | |
|---|---|---|
| 5 - 19 | Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of Minor<br>Sep. 26, 2021 (Count 5)<br>Oct. 15, 2021 (Count 6)<br>Jan. 10, 2022 (Count 7)<br>Jan. 17, 2022 (Count 8)<br>Jan. 25, 2022 (Count 9)<br>Feb. 6, 2022 (Count 10)<br>March 2, 2022 (Count 11)<br>March 20, 2022 (Count 12)<br>May 12, 2022 (Count 13)<br>Aug. 3, 2022 (Count 14)<br>Sep. 27, 2022 (Count 15)<br>Oct. 28, 2022 (Count 16)<br>Jan. 2, 2023 (Count 17)<br>Jan. 25, 2023 (Count 18)<br>Feb. 9, 2023 (Count 19) | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| 20 | Possession of and Access with Intent to View Material Depicting the Sexual Exploitation of a Minor<br>June 29, 2023 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

**A.   As to Counts One through Four:**

In order for the crime of Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256;

2.   That the defendant intended that the minor engage in sexually explicit conduct;

2

3.      That the purpose for using, persuading, inducing, or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct; and

4.      That the defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate commerce or in and affecting interstate or foreign commerce or mailed, or that such visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in and affecting interstate and foreign commerce by any means, including by computer, or that the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate commerce or mailed.

Title 18, United States Code, Sections 2251(a) and (e).

**B.      As to Counts Five through Nineteen:**

In order for the crime of Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant knowingly received or attempted to receive a visual depiction of a minor using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer or mail;

2.      That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew such visual depiction was of a minor engaged in sexually

explicit conduct; and

       3.    That the visual depiction was of a minor engaging in sexually explicit conduct.

       Title 18, United States Code, Section 2252(a)(2).

       **C.**    **As to Count Twenty:**

       In order for the crime of Possession of and Access with Intent to View Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

       1.    That the defendant knowingly possessed and accessed with intent to view one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

       2.    That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

       3.    That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

       4.    That the images involved prepubescent minors or minors who have not attained 12 years of age.

       Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

## III. <u>PENALTIES</u>

**A.     As to Counts One through Four: Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and (e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10 or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two or more such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

**B.     As to Counts Five through Nineteen: Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct

involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be imprisoned not less than fifteen (15) years nor more than forty (40) years.

        2.       A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

        3.       A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

        4.       Any or all of the above.

        **C.**       **As to Count Twenty: Possession of and Access with Intent to View Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

        1.       Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned not less than 10 years nor more than 20 years.

        2.       A fine of not more than $250,000.00 (18 U.S.C. §3571(b)(3)).

        3.       Supervised release for any term of years not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

        4.       Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENTS

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One through Twenty, an additional special assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted, as the offenses were committed after May 29, 2015, and the offenses are located within Chapters 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Counts One through Four, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000.00 shall be assessed, as the offenses were committed after December 7, 2018, and the offenses are for child pornography production as defined in 18 U.S.C. § 2259(c)(1).

With respect to Counts Five through Nineteen, pursuant to 18 U.S.C. § 2259A(a)(2), an additional special assessment of $35,000.00 shall be assessed per count of conviction, as the offenses were committed after December 7, 2018, and the offenses are for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

With respect to Count Twenty, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018 and the offense is under § 2252(a)(4).

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259.

As to Counts Five through Twenty, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. <u>FORFEITURE</u>

As set forth in the Indictment, forfeiture may be applicable in this case.

                Respectfully submitted,

                ERIC G. OLSHAN
                United States Attorney

                <u>*/s/ Heidi M. Grogan*</u>
                HEIDI M. GROGAN
                Assistant U.S. Attorney
                PA ID No. 203184